1   **Albert N. Kennedy**, OSB No. 82142 (Lead Attorney)
    Direct Dial: (503) 802-2013
2     Facsimile: (503) 972-3713
    E-Mail: al.kennedy@tonkon.com
3   **Timothy J. Conway**, OSB No. 85175
    Direct Dial: (503) 802-2027
4     Facsimile: (503) 972-3727
    E-Mail: tim.conway@tonkon.com
5   **Anil S. Karia**, OSB No. 06390
    Direct Dial: (503) 802-2110
6     Facsimile: (503) 972-3810
    E-Mail: anil.karia@tonkon.com
7   **TONKON TORP LLP**
  1600 Pioneer Tower
8   888 S.W. Fifth Avenue
  Portland, OR 97204

    Attorneys for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 08-35023-tmb11 |
| Renaissance Custom Homes, LLC, et al., | (Jointly Administered with Case No. 08-35025-tmb11 and 08-35026-tmb11) |
| Debtors. | |
| RENAISSANCE CUSTOM HOMES, LLC, an Oregon limited liability company; RENAISSANCE DEVELOPMENT CORPORATION, an Oregon corporation; and THE LAKES AT FISHERS LANDING, LLC, an Oregon limited liability company, | Adv. Pro. No. 08-03207-tmb |
| Plaintiffs, | **COMPLAINT** (Injunctive Relief) |
| v. | |
| BMC WEST CORPORATION, a foreign business corporation; FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, formerly known as FIRST HORIZON HOME LOAN CORPORATION, a national banking association; MILWAUKIE LUMBER COMPANY, an Oregon corporation; STARK STREET LUMBER | |

**Page 1 of 7 -** COMPLAINT

| | |
|---|---|
| 1 | COMPANY, LLC, an Oregon limited liability ) |
|   | company; PACIFIC LUMBER COMPANY, ) |
| 2 | an Oregon Corporation; and U.S. BANK N.A., ) |
|   | ) |
| 3 | Defendants. ) |

**COMPLAINT BY DEBTORS FOR INJUNCTIVE RELIEF**

Renaissance Custom Homes, LLC ("RCH"), Renaissance Development Corporation ("RDC") and the Lakes at Fishers Landing, LLC ("The Lakes") are Debtors and Debtors-in-Possession in the above-captioned case (hereinafter "Debtors" or "Plaintiffs"). Debtors, by this Complaint, seek injunctive relief to prohibit certain creditors from engaging in collection efforts against Randal S. Sebastian and Sandra Sebastian in state court or any other forum. Debtors, by this Complaint, also seek to enjoin certain creditors from taking any action whatsoever to obtain possession or control of the assets of Randal Sebastian or any member of his family to satisfy or pay down any of Debtor's outstanding indebtedness to any such creditor. In support of this Complaint, Debtors allege as follows:

**JURISDICTION, VENUE AND PARTIES**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This action may also be heard within the Court's non-core jurisdiction, as a matter "otherwise related to a case under Title 11," pursuant to 28 U.S.C. § 157(c)(1).

2. Venue is proper in this District under 28 U.S.C. § 1409.

3. The proceeding has been brought in accordance with Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure.

3. Debtors are Oregon corporations or limited liability companies headquartered in Lake Oswego and West Linn, Oregon. Debtors filed their voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code on September 25, 2008 (the "Petition Date").

\* \* \*

Page 2 of 7 -  COMPLAINT

4. Randal Sebastian is an individual residing in West Linn, Oregon. Randal Sebastian owns 100 percent of the outstanding voting securities of RDC. Randal Sebastian also owns 100 of the outstanding voting securities of RCH. RDC owns 43.5 percent of the outstanding voting securities of The Lakes. Sandra Sebastian is Randal Sebastian's wife.

5. Defendant BMC West Corporation ("BMC West") is a supplier of building materials and/or labor to Debtors.

6. Defendant First Horizon Home Loans ("First Horizon") is a lender to Debtors.

7. Defendant Milwaukie Lumber Company and Defendant Stark Street Lumber Company, LLC ("Milwaukie and Stark") are suppliers of building materials and/or labor to Debtors.

8. Defendant Pacific Lumber Company ("Pacific Lumber") is a supplier of building materials and/or labor to Debtor.

9. Randal and Sandra Sebastian hold a personal joint checking account with Defendant U.S. Bank N.A.

**BACKGROUND FACTS**

10. Plaintiffs incorporate herein and re-allege the allegations above.

11. Debtors and their affiliates are engaged in all aspects of the residential and home building business. Randal and Sandra Sebastian personally guaranteed a material amount of Debtors' obligations to banks, vendors and suppliers.

12. BMC West filed multiple state court actions against the Debtors and Randal Sebastian to collect on debts owed by the Debtors and personally guaranteed by Randal Sebastian for Debtors' purchases of various materials and/or labor from BMC West. These actions have been filed in Marion, Washington and Clackamas Counties, Oregon and in Clark County, Washington.

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

13. First Horizon filed a state court action in Clark County, Washington against Randal Sebastian and Sandra Sebastian to collect on a personal guaranty the Sebastians made to secure financing for Debtors.

14. Milwaukie and Stark filed a state court action against Debtors and Randal Sebastian in Clackamas County, Oregon to collect on debts owed by the Debtors and personally guaranteed by Randal Sebastian for Debtors' purchases of various materials and/or labor from Milwaukie and Stark.

15. Pacific Lumber filed a state court action against Debtors and Randal Sebastian in Washington County, Oregon to collect on debts owed by the Debtors and personally guaranteed by Randal Sebastian for Debtors' purchases of various materials and/or labor from Pacific Lumber.

16. Randal and Sandra Sebastian hold a personal bank account at U.S. Bank. U.S. Bank has placed a "freeze" on the Sebastians' personal bank account and has threatened to apply the proceeds to Debtors' outstanding debt.

**INJUNCTION FOR INTERFERENCE WITH DEBTORS'  
REORGANIZATION EFFORTS**

17. Plaintiffs incorporate herein and re-allege the allegations above.

18. The Debtors' objective is to propose a confirmable plan under which all creditors will be paid in full, or otherwise rehabilitate the Debtor businesses consistent with applicable legal standards.

19. Randal Sebastian's complete and total commitment of his time and attention is essential to the Debtors' ongoing operations and efforts to reorganize and rehabilitate the businesses. Requiring Mr. Sebastian to defend claims asserted against him personally to collect obligations owed to Debtors during the Bankruptcy Case would both interfere with and irreparably impair Debtors' ability to reorganize.

* * *

Page 4 of 7 - COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440
Case 08-03207-tmb    Doc 1    Filed 10/16/08

20. If Mr. Sebastian is forced to spend time and his personal funds defending against attempts to collect Debtors' obligations that he has guaranteed, his ability to make loans to Debtors to pay operating expenses will be severely limited. Mr. Sebastian has agreed to loan $1.1 million from the sale of the Parkway Plaza Building to the Debtors. The Parkway Plaza Building is scheduled to close on or before October 28, 2008. Mr. Sebastian has also agreed to loan approximately $1.9 million that he expects to receive from federal and state income tax refunds in the next 30 days. Mr. Sebastian has also agreed to loan anticipated future state and federal tax refunds, which he expects will be approximately $4 million. The collection efforts by Defendants against Mr. Sebastian and his wife will interfere with Mr. Sebastian's ability to loan money to the Debtors, if those efforts are not enjoined.

21. The personal loans which Mr. Sebastian has committed to make to Debtors are absolutely essential to Debtors' successful reorganization. Without Mr. Sebastian's personal loans, there will not be enough money to pay Debtors' ongoing operating expenses. Moreover, Mr. Sebastian's personal loans are required for the Debtor to obtain postpetition financing from Sterling Bank, HomeStreet Bank and Banner Bank.

22. By freezing the Sebastians' funds, Defendant U.S. Bank is preventing the Sebastians from injecting their personal assets into the Debtors, thereby jeopardizing Debtors' day-to-day operations, Debtors' postpetition financing, and Debtor' ability to obtain a confirmable reorganization plan.

23. The pending lawsuits and other collection efforts against Mr. and Mrs. Sebastian are also a substantial distraction to Mr. Sebastian. Because of Mr. Sebastian's experience in the home building industry and ownership interest in the company, his participation free of distractions and emotional upheaval is essential to its success of the Debtors' Plan of Reorganization.

* * *

Page 5 of 7 - COMPLAINT

24. Under 11 U.S.C. § 105(a), this Court has the power to enjoin Defendants, and any of Debtors' creditors that have personal guarantees from Randal Sebastian and/or Sandra Sebastian from pursuing the Sebastians in state court actions or other proceedings, and from pursuing other collection efforts. Section 105(a) also allows this Court to prohibit Defendant U.S. Bank from preventing the Sebastians from accessing their jointly held funds.

25. Unless enjoined, Defendants' conduct will irreparably harm Debtors not only by eliminating a significant source of capital for ongoing business operations and jeopardizing the postpetition financing, but also because it will divert Mr. Sebastian's attention from managing the Debtors during the reorganization process.

26. Debtors intend to file a joint plan of reorganization. There is a reasonable likelihood of a successful reorganization provided Debtors are able to receive the proposed funding from Mr. Sebastian.

27. If Defendants are allowed to continue with their current course of conduct, the reorganization will be in jeopardy. If the reorganization fails, Defendants will likely not collect much from the Sebastians individually because Mr. Sebastian is a guarantor of significant bank debt that far exceeds his personal assets. The potential harm to the Debtors and other creditors from not enjoining the collection efforts far outweighs the potential harm to Defendants.

28. Issuance of injunctive relief will serve the public interest in that it will protect the integrity of the reorganization efforts. This is in the best interest of all creditors.

29. Debtors lack an adequate remedy at law. Mr. Sebastian is an essential part of the reorganization efforts. Defendants are interfering with the Sebastians ability to loan money to the Debtors and to focus on the reorganization, which threaten Debtors' continued existence and chances for a successful reorganization.

\* \* \*

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440
Case 08-03207-tmb    Doc 1    Filed 10/16/08

WHEREFORE, Debtors respectfully request relief as follows:

1. Preliminary and permanent injunctive relief prohibiting Defendants from undertaking or pursuing any collection efforts against Randal and/or Sandra Sebastian, pending confirmation of Debtors' Chapter 11 plan of reorganization;

2. Preliminary and permanent injunctive relief staying Defendants' state court actions, pending confirmation of Debtors' Chapter 11 plan of reorganization;

3. Preliminary and permanent injunctive relief prohibiting Defendant U.S. Bank from preventing Mr. and Mrs. Sebastian from accessing funds held in their joint account with Defendant U.S. Bank; and

4. Such other and further relief as the Court deems just and proper.

DATED this 16th day of October, 2008.

TONKON TORP LLP

By    /s/ Timothy J. Conway
Albert N. Kennedy, OSB No. 82142
Timothy J. Conway, OSB No. 85175
Anil S. Karia, OSB No. 06390
Attorneys for Debtors

034312\00001\1216405 V001

Page 7 of 7 - COMPLAINT

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Case 08-03207-tmb    Doc 1    Filed 10/16/08